## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2019, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. Dearmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Samantha M. Sumcad
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles R. Barr, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 20, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1760<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1902-F3-853 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Charles Barr Jr. (Barr), appeals his sentence following his open guilty plea for battery by means of a deadly weapon, a Level 5 felony, Ind. Code § 35-42-2-1(g)(2).

We affirm.

# ISSUE

Barr presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion at sentencing.

# FACTS AND PROCEDURAL HISTORY

In 2017, Barr and Chanel Vincent (Vincent) were in a relationship marked by domestic violence and substance abuse. Sometime that year, Barr battered Vincent on two occasions, which led to a protective order against Barr. On February 10, 2019, Barr and Vincent were residing in an abandoned house in Columbus, Indiana. Barr accused Vincent of cheating on him. Over the course of several hours, Barr repeatedly punched and kicked Vincent. Barr beat Vincent with a shovel, a hammer, and a metal rod. Additionally, Barr choked Vincent into unconsciousness, and he told her that "she wasn't going to leave the house alive." (Appellant's App. Vol. II, p. 11). Vincent eventually escaped and called her mother who transported her to the hospital. Vincent suffered severe bruising and swelling all over her body, had multiple facial fractures, and had cigarette burns on her arms and stomach. Due to the severity of the assault, Vincent's kidneys failed, and she had to be transferred to another

hospital. When the police visited the abandoned home that Barr and Vincent had been living, they found the hammer, metal rod, and shovel, some of which had traces of blood on them. There were also blood splatters "sprayed all over the walls." (Transcript. Vol. II, p. 51).

[5] On February 12, 2019, the State filed an Information, charging Barr with Count I, Level 3 felony aggravated battery; Count II, Level 5 felony battery with a deadly weapon; and Count III, Level 6 felony strangulation. Pursuant to an open plea agreement, Barr pleaded guilty to Level 5 felony battery with a deadly weapon, and the State agreed to dismiss the other two charges. On May 16, 2019, the trial court conducted Barr's guilty plea hearing, and Barr admitted the factual basis for his plea.

[6] On July 1, 2019, the trial court held Barr's sentencing hearing. The only mitigating factor the trial court recognized was Barr's great family support. As for aggravators, the trial court found that Barr had a lengthy criminal history, probation violations, and had failed to address his substance abuse in the past. At the close of the evidence, the trial court sentenced Barr to an executed six-year term in the Department of Correction (DOC).

[7] Barr now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECSION

[8] Barr argues that the trial court abused its discretion when sentencing him because it overlooked two potential mitigating factors: his guilty plea and his mental health issues.

[9] To show that a trial court failed to identify or find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). While a failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why it has chosen not to find mitigating circumstances. *Roush v. State*, 875 N.E.2d 801, 811 (Ind. Ct. App. 2007). Our supreme court has noted that "[i]f the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Smith v. State*, 770 N.E.2d 818, 822-23 (Ind. 2002).

[10] Turning to Barr's first claim, while Barr admits that he received some benefit from his guilty plea, he states that in doing so, he saved the court time, and Vincent the "trauma of having to testify in court." (Appellant's Br. p. 7). Although a guilty plea may be a mitigating circumstance, it "does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013). In the present case, the trial court expressly determined that Barr's guilty plea did not favor mitigation, stating,

> You have a benefit of being allowed to plead into this Level 5 and not higher. The [c]ourt recognizes that is a benefit to you. The [c]ourt recognizes that you pled guilty but at the time[,] two days later, you not once asked how [Vincent] was doing. You were looking for someone else who did this and you darn well knew you did. That's not someone who feels remorse at the time. So[,] you come here today and say how sorry you feel but you certainly did not during that time. So, although I recognize that you pled[,] I do not find that a mitigating circumstance under the facts. And I notice the benefit you did receive.

(Tr. Vol. II, pp. 56-57). Thus, it is clear that the trial court did consider Barr's guilty plea, recognized the benefit he was receiving of the State agreement to dismiss his other two charges, but it ultimately made the specific choice not to construe it as a mitigating circumstance. Accordingly, we find no abuse of discretion.

[11] Turning to his second claim, Barr states that without recognizing his mental illness as a mitigating factor at sentencing, the trial court ordered him to serve a six-year sentence in the DOC so that he could address his "mental health and substance abuse" issues. (Appellant's Br. p. 9).

[12] Our supreme court has held that there is "the need for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." *Covington v. State*, 842 N.E.2d 345, 349 (Ind. 2006). The supreme court identified several factors to consider in weighing the mitigating force of a mental health issue, including "the extent of the inability to control behavior,

the overall limit on function, the duration of the illness, and the nexus between the illness and the crime." *Id*.

[13] At sentencing, Barr's father stated that as a teenager, Barr had been diagnosed with bipolar, obsessive compulsive disorder, depression, and anger issues. Barr's father stated that Barr had to take his medication to manage his disorders. He added that Barr's substance abuse interfered with his treatment. At his guilty plea hearing, Barr stated that he did not suffer from any past or present mental illness. However, at his sentencing hearing, Barr acknowledged the various disorders he was diagnosed with as a teenager, but stated that, for years, he has not taken any medication for his disorders. The State, in turn, averred that Barr had "been given multiple opportunities for [] his psychiatric issues, his anger aggression issues, [] and those [] have not worked." (Tr. Vol. II, p. 53).

[14] The only mitigating factor that the trial court recognized at sentencing was Barr's great family support. While the trial court did not specifically identify Barr's mental health as a circumstance warranting a mitigated sentence, however, the trial court cannot be said to have disregarded the factor entirely. At sentencing, the trial court noted,

> [t]he [c]ourt does recognize that you have to deal with mental health before you can address substance use because if your brain is not working the way it ought to be, the substance abuse treatment will be less effective.

(Tr. Vol. II, p. 57). It is evident that the trial court acknowledged the impact of Barr's mental health in formulating Barr's sentence, but it declined to find that Barr's mental health was a significant mitigating factor. Moreover, Barr failed to present any evidence concerning the extent of his inability to control his behavior, the overall limit on his ability to function based on his disorders, or the nexus between his mental health and his battery offense. *See Covington*, 842 N.E.2d at 349. Given the lack of evidence on these factors, Barr has not shown that his mental health was significant or clearly supported by the record. Thus, we hold that the trial court did not abuse its discretion when it did not recognize Barr's mental health as a significant mitigating circumstance.

# CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when sentencing Barr.

Affirmed.

Baker, J. and Brown, J. concur